UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GARY DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 23-178-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Gary Dotson has filed a motion for an order compelling Defendant Metropolitan Life Insurance Company ("MetLife") to provide responses to his discovery requests. [Record No. 14] Dotson alleges (and the defendant does not dispute) that MetLife is both the evaluator and payor of his claim. Accordingly, Dotson has sufficiently alleged the existence of bias to warrant limited discovery outside the administrative record. The motion to compel will be granted.

**I.**

Dotson was employed by CTI Foods Holding Co., LLC through which he became insured for long-time disability ("LTD") insurance with MetLife. Dotson alleges that he became unable to continue working around August 6, 2021, due to the symptoms of the COVID-19 virus. MetLife paid benefits for a period of time before terminating benefits on July 25, 2022. Dotson appealed the decision administratively and MetLife upheld its decision on September 30, 2022.

Dotson filed suit in the Menifee Circuit Court on May 10, 2023, under section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a). MetLife subsequently removed the case to this Court based on federal question jurisdiction. Dotson alleges that the defendant breached its contractual obligation to pay benefits under the plan and that its decision to terminate benefits was arbitrary and capricious. Dotson further alleges that MetLife had an inherent conflict of interest because it was responsible for paying benefits and deciding whether Dotson was entitled to benefits. Dotson specifically alleges that MeLife employed individuals to perform file reviews of his claims and then used these reviews to support its denial of benefits. Dotson also alleges that the individuals employed by MetLife did not examine or speak with him.

Dotson served interrogatories and requests for production of documents on November 1, 2023. Counsel for MetLife advised the plaintiff's counsel in an email message on December 4, 2023, that MetLife's position was that Dotson was not entitled to the proposed discovery. Dotson filed the motion to compel on December 11, 2023.

## II.

The ERISA statute itself does not address discovery. *Hackett v. Standard Ins. Co.*, 2009 WL 3062996 (D.S.D. Sept. 21, 2009) (citing 29 U.S.C. §§ 1001-1461). However, it is well established that plaintiffs in ERISA cases generally are not entitled to obtain discovery outside of the administrative record. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998); *Smith v. Hartford Life & Acc. Ins. Co.*, 2019 WL 3849158, at *4 (E.D. Ky. Aug. 15, 2019). The policy behind this approach is to resolve benefits disputes as inexpensively and expeditiously as possible. *Kasko v. Aetna Life Ins. Co.*, 33 F. Supp. 3d 782,

785-86 (E.D. Ky. 2014) (citing *Perry v. Simplicity Engineering*, 900 F.2d 963, 967 (6th Cir. 1990)).

Notwithstanding this broad restriction on discovery, limited discovery is available if a claimant makes a satisfactory allegation of a violation of due process or bias by the plan administrator. *Kasko*, 33 F. Supp. 3d at 785 (citing *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009). In this situation, the court may look outside the administrative record to consider circumstances that might have affected the administrator's conflict of interest. *MetLife Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008). It is undisputed that "a mere allegation of bias is insufficient to throw open the doors of discovery in an ERISA case." *See Likas v. Life Ins. Co. of N.A.*, 222 F. App'x 481, 486 (6th Cir. 2007). However, the issue of what is sufficient has been the subject of much debate.

In *Glenn*, the Supreme Court held that there is a *per se* conflict of interest when a plan administrator is responsible for both evaluating and paying benefits on a claim. 554 U.S. at 117. The Court stated that a reviewing court should consider this inherent conflict as a factor in determining whether the plan administrator abused its discretion in denying benefits, and that "the significance of the factor will depend upon the circumstances of the particular case." It went on to observe that such a conflict does require the creation of "special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict" because "special procedural rules would create further complexity, adding time and expense to a process that may already be too costly for many of those who seek redress." *Id.*

The Sixth Circuit has interpreted *Glenn* to mean that threshold evidentiary showings are not required for discovery in ERISA cases. *Johnson*, 324 F. App'x at 466. In *Johnson*,

- 3 -

Defendant Connecticut General Life Ins. Co. ("Connecticut General") appealed the district court's decision allowing discovery regarding its alleged inherent conflict of interest. The court reiterated that "a mere allegation of bias is not sufficient to permit discovery under *Wilkins*' exception." *Id.* (citations omitted). Although Connecticut General argued in favor of imposing a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*, the court recognized that the decision in *Glenn* "counsel[ed] against it."

The court expressly declined to conclude that discovery would automatically be available any time the defendant was the administrator and payor under an ERISA plan. *Id.* at 467. However, it failed to provide any examples of when discovery would not be appropriate in that scenario. Instead, it explained that matters outside the administrative record ordinarily are not relevant to the court's review of an ERISA decision. It further noted that district courts are "well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge" based on an allegation of bias. *Id.* at 467.

Decisions within the Eastern and Western Districts of Kentucky have routinely permitted limited discovery when an inherent conflict of interest is present.[1] *See, e.g., Martin*

---

[1] The courts have identified specific "topics on which discovery related to an inherent conflict of interest" may be conducted. *Busch*, 2010 WL 3842367, at *4 (quoting *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 513 (W.D. Ky. 2010)). They include:

(1)     Incentive, bonus, or reward programs or systems, formal or informal, for any employee(s) involved in any meaningful way in reviewing disability claims[.]

(2)     Contractual connections between [the defendant] and the reviewers utilized in the plaintiff's claim, and financial payments paid annually to the reviewers from [the defendant].

(3)     Statistical data regarding the number of claims files sent to the reviewers and the number of denials which resulted.

*v. Guardian Life Ins. Co. of Am.*, 2021 WL 1994229, at *2 (E.D. Ky. May 17, 2021); *Aliff v. Prudential Ins. Co. of Am.*, 2019 WL 4197211, at *1 (E.D. Ky. Sept. 4, 2019); *Clark v. Am. Elec. Power Sys. Long Term Disability Plan,* 871 F. Supp. 2d 655, 660 (W.D. Ky. 2012; *Busch v. Hartford Life & Acc. Ins. Co*., 2010 WL 3842367 (E.D. Ky. Sept. 27, 2010).

In *Busch*, another judge of this Court aptly stated that "[w]ithout more guidance from the Sixth Circuit on when discovery is available in an inherent conflict of interest case, the Court remains persuaded by the case law which holds that "[u]nder *Glenn*, the presence of the conflict of interest, on its own, is apparently sufficient to permit a court to allow discovery beyond the administrative record." 2010 WL 3842367, at *3 (citing *Pemberton v. Reliance Std. Life Ins. Co.*, 2009 WL 89696, at *2 (E.D. Ky. Jan. 13, 2009)).

MetLife argues that the Sixth Circuit has since provided additional guidance warranting a change in the Court's position. First, it cites *Guest-Marcotte v. Life Insurance Company of North America*, 730 F. App'x 292 (6th Cir. Mar. 30, 2018), in which the plaintiff appealed the defendant's denial of her claim for short-term disability benefits. Guest-Marcotte sought discovery on the issue of bias or conflict of interest, pointing to the existence of multiple disability plans, LINA's consistent use of an incorrect definition of "disability," and LINA's

---

(4)     Statistical data concerning the number of times the reviewers found claimants able to work in at least a sedentary occupation or found that the claimants were not disabled.

(5)     Documentation of administrative processes designed only to check the accuracy of grants and claims (limited to claims guidelines actually consulted to adjudicate plaintiff's claim).

*Id.* (internal quotation marks and citations omitted).

incentive to deny the claim because of a "potential large disability payment that the plan would have to pay." *Id.* at 304.  The district court denied the request for discovery.

The Sixth Circuit affirmed the decision denying discovery, noting that "[t]o be entitled to such discovery, an ERISA claimant must first 'provide sufficient evidence of bias—or of any procedural irregularity—to justify prehearing discovery. . . .  [A] mere allegation of bias is insufficient to throw open the doors of discovery in an ERISA case." *Id.*  Crucially—and contrary to the instant matter and *Glenn*—Guest-Marcotte did *not* allege that the defendant had an inherent conflict of interest.  Accordingly, *Guest-Marcotte* is not persuasive.

MetLife also relies heavily on the decision in *Collins v. Unum Life Insurance Co. of America*, 682 F. App'x 381 (6th Cir. 2017).  There, Collins appealed Unum Life Insurance Company's denial of his claim for benefits after he fractured his foot in his employer's parking lot.  *Id.* at 389.  The district court concluded that the structural conflict caused by Unum's dual capacity as plan administrator and payor was insufficient to justify the discovery Collins requested.  The Sixth Circuit affirmed, noting that a "claim must put forth a factual foundation to establish that he has done more than merely allege bias." *Id.* at 389.

*Collins* seems to suggest that an inherent conflict of interest is not evidence of bias but, rather, is "a mere allegation of bias."  *See Orlandi v. Osborne*, 2022 WL 4599252, at *6 (N.D. Ohio Sept. 30, 2022) (discussing *Collins*).  But to reach this decision, the *Collins* court relied on the decision in *Johnson*, 324 F. App'x 459 (6th Cir. 2009), which provides:

> Although Connecticut General argues that these cases should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*, the Supreme Court's admonition in *Glenn* discouraging the creation of special procedural or evidentiary rules for evaluating administrator/payor conflicts of interest counsels against it.  That does not mean, however, that discovery will automatically be available any time the defendant is both the administrator and the payor under an ERISA plan.

- 6 -

324 F. App'x at 466-67.

*Collins* does not explain how imposing an evidentiary threshold showing regarding the evaluator/payor conflict complies with the decisions in *Glenn* or *Johnson*. *See Orlandi*, 2022 WL 4599252, at *6. Accordingly, the Court is not persuaded by the reasoning in this unpublished decision. *See Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996) (observing that unpublished decisions have no binding effect on anyone other than the parties to the action). And to the extent the defendant cites unpublished district court decisions that found *Guest-Marcotte* and *Collins* persuasive on this issue, the Court declines to follow those decisions as well. *See Ruhe v. Hartford Life & Accident Ins. Co.*, 2020 WL 6946576 (W.D. Ky. Nov. 25, 2020); *Williamson v. Am. Mar. Officer Plans*, 2023 WL 6096939, at *7 (W.D. Ky. Sept. 18, 2023); *Bulas v. Unum Life Ins. Co. of Am.*, 2022 WL 1536360, at *4 (S.D. Ohio May 16, 2022).

In summary, the Court adheres to its position that an inherent conflict of interest is, in and of itself, some evidence of bias. It is unlikely that most plaintiffs would be able to identify additional facts supporting an allegation of bias in the absence of some discovery. Or better stated, "there is no practical way to determine the extent of the administrator's conflict of interest without looking beyond the administrative record." *Winterbauer v. Life Insurance Company of North America*, 2008 WL 4643942, at *4 (E.D. Mo. Oct. 20, 2008).

**III.**

Based on the foregoing analysis, it is hereby

**ORDERED** that the plaintiff's motion to compel [Record No. 14] is **GRANTED**.

Dated: February 9, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky